Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of HELEN L. GIFFORD, Respondent, for Compensation to Herself under the Workmen's Compensation Law, for the Death of Her Husband, CHARLES W. GIFFORD, *v.* T. G. PATTERSON, INC., Employer, and the LUMBER MUTUAL CASUALTY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, July 2, 1917.

**Workmen's Compensation Law — death of night watchman by fall through open window — contributory negligence of watchman by falling asleep.**

Where a night watchman, required to go through his employer's plant and punch a time clock at certain intervals, while sitting on a chair between the times he was required to make his rounds, fell asleep and fell through an open window, and sustained injuries resulting in his death, his dependents are entitled to an award. This, because compensation is made without regard to fault, and contributory negligence is no defense.

APPEAL by T. G. Patterson, Inc., and another, from an award of the State Industrial Commission, entered in the New York city office of said Commission on the 15th day of March, 1917.

*Jeremiah F. Connor*, for the appellants.

*Bernard J. Isecke*, for the claimant, respondent.

*Egburt E. Woodbury*, Attorney-General [*Robert W. Bonynge* of counsel], for the Commission.

KELLOGG, P. J.:

The claimant's husband, a night watchman, was required to go through the plant during the night time and to regularly punch a time clock. The night was very warm, and while making his rounds he placed a chair near the doorway upon the second floor, sat down to rest and dozed off, lost his balance and fell out of the window down the chute and was found injured upon the pavement. He died at a hospital on July 17, 1916, eight days after the injury. It is contended that by falling asleep he had abandoned his employment and for

that reason a death benefit cannot be allowed under the Workmen's Compensation Law. Between his rounds he was not required to remain standing or to keep moving. He, therefore, sat in the chair as an employee and in the performance of his duty. The fact that he accidentally fell asleep, or dozed off, does not deprive him of his rights as an employee or defeat the award. Compensation is made without regard to fault, and contributory negligence is not a defense. It was probably an act of carelessness to permit himself to fall asleep while on duty; it cannot, however, deprive him of his position as an employee. The award should be affirmed.

Award unanimously affirmed.