Before State Industrial Commission, Respondent.

In the Matter of the Claim of Anna McCloskey, Widow, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Daniel McCloskey, v. Richard Hellmann, Inc., Employer, and Zurich General Accident and Liability Insurance Company, Ltd., Insurance Carrier, Appellants.

Third Department, May 4, 1921.

Workmen's Compensation Law — accident arising out of and in course of employment — driver of motor truck falling from seat while truck was being operated by assistant — abandonment of employment.

The death of a foreman of motor trucks, caused by a fall while the truck was in motion, arises out of and in the course of his employment where it appears that he and another driver were taking a loaded truck from one point to another, that the two men alternated in operating the truck, that at the time of the accident decedent's assistant was driving the truck, and that decedent sat beside him resting and dozing when he was thrown therefrom as the driver suddenly turned the machine.

The decedent at the time of the accident was at his post of duty and, according to the duties of the two men, in his proper place, and there was no abandonment of his employment though at the time of the accident he was dozing.

Appeal by the defendants, Richard Hellmann, Inc., and another, from an award and order of the State Industrial Commission, entered in the New York office of said Commission on the 23d day of September, 1920.

*Alfred W. Andrews* [*Charles B. Sullivan* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

Kiley, J.:

The claimant is the widow of Daniel McCloskey who was killed by falling from an auto truck near Clarksville, N. J., on the 4th day of August, 1920. The car passed over him,

App. Div. 674]          Third Department, May, 1921.

he was taken to a hospital in Trenton, N. J., and died the following day. His widow made a claim for compensation for herself and three minor children. She was awarded compensation as prayed for in her petition. The employer was in business in New York. The deceased was a foreman of trucks and on the day in question, he, with another chauffeur, started with a loaded truck for Baltimore and Washington. The survivor of the two operating this truck says that their duties were interchangeable; they spelled each other driving the auto, looked out for any emergency that might arise while one was at the wheel and the other on the seat beside him. McCloskey took the wheel when they commenced the journey; he had driven about half way from New York to Philadelphia, when he gave the wheel to his partner and was sitting on the left side of the seat. McCloskey had dozed at times after he left the wheel and before the accident; at such times he would jerk in his seat. Immediately before the accident the car was going at the rate of fifteen miles an hour; the evidence is that McCloskey was dozing, and a car with bright headlights came from the opposite direction, and blinded Wershing, McCloskey's partner; he swung to the right. The following question asked by counsel for the carrier upon the hearing, of the driver, and his answer states what may be fairly considered the fact: " Q. It [meaning auto] didn't swerve then, you gave it a swing? A. A sudden jerk, and I suppose he fell off." Appellants resist payment of the award upon the sole ground that the accident did not arise out of and in the course of employment, and say in the brief: " having been caused by deceased falling off the truck due to his dozing or falling asleep, an accidental cause, originating in the voluntary unconsciousness of the deceased." The Commission did not find that deceased was either dozing or sleeping; appellants urge that it should have so found. Wershing used the word " sleep " frequently when testifying, but explained as frequently that he did not mean sleeping, and gave the distinction between the practical effect of the condition as represented by the two words. According to the definition given, " dozing " does not mean " sleeping." If the award can be sustained, it can be so sustained with the words out of it as well as if the word " doze " was incorporated. I

think the award can be sustained unless we are foreclosed by the holding in *Matter of Gifford* v. *Patterson, Inc.* (222 N. Y. 4), upon which appellants rely. In that case claimant's intestate was employed as a night watchman on the premises of his employer; time clocks were stationed in different parts of the buildings; in the front of the building there was a chute from the second floor to the pavement; the watchman placed a chair near the mouth of the chute, sat down and fell asleep. He toppled over, chair and self went down the chute to the pavement, resulting in fatal injuries; the claimant had an award which was affirmed by this court. (179 App. Div. 420.) The Court of Appeals reversed the award and in so doing said: " He was employed to watch the premises. Instead of doing so he prepared for himself a comfortable position and slept. If, in connection with his employment, he was authorized or permitted to procure a chair and spend a portion of his time therein ' dozing off ' in the doorway, it was not shown before the Commission." The Court of Appeals found he had abandoned his employment. The facts and circumstances in the present case are not at all similar to the *Gifford Case* (*supra*). The injured man was at his post of duty and according to the description of the duties of the two men in their respective positions, had to stay where he was when he fell. There was no physical abandonment of his employment. The Commission cannot be called to account for taking the version of the only living witness as to the cause of the injury, when counsel for the carrier said to him: " It didn't swerve then, you gave it a swing? " he answered by telling what giving " it a swing " did; he said, " A sudden jerk, and I suppose he fell off." What witness meant was, that the swing he gave the truck caused a " sudden jerk " and that McCloskey fell off. The evidence presented a question of fact. Under section 20 of the Workmen's Compensation Law (as amd. by Laws of 1919, chap. 629), the decision is final. The award should be affirmed.

Award unanimously affirmed.