Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of ELIZABETH MARCHESE, Respondent, for Compensation under the Workmen's Compensation Law, for Accidental Personal Injuries to JAMES MARCHESE, Deceased, v. POSTAL TELEGRAPH-CABLE COMPANY, Employer and Self-Insurer, Appellant.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the claim is unsupported by legal evidence of an accidental injury arising out of and in the course of the employment. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim for Compensation under the Workmen's Compensation Law, Made by HENRIETTA L. ASHTON, Widow, Respondent, on Behalf of Herself and Others, on Account of the Death of HOWARD ASHTON, Deceased, v. ROSS HEATER AND MANUFACTURING COMPANY, Employer, Defendant, Impleaded with LIBERTY MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellant.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of IDA SIEGEL, Widow of ISADORE SIEGEL, Deceased, Respondent, for Compensation under the Workmen's Compensation Law, v. PECHTER BAKING COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of VINCENT KOSTRANO, Respondent, for Compensation under the Workmen's Compensation Law, v. AMERICAN RADIATOR COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of the STATE TREASURER, Respondent, under the Workmen's Compensation Law, for the Death of JOHN F. HOWARD, v. HERMAN COHEN, Doing Business as SHENK REALTY AND CONSTRUCTION COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.— Award reversed and matter remitted to the State Industrial Board for further consideration, with costs to the appellants against the State Industrial Board, upon the ground that if the deceased went to the work room for the purpose of sleeping or resting he was not in the course of his employment. (Matter of Gifford v. Patterson, Inc., 222 N. Y. 4.) If he had gone there for the purpose of changing his clothes, as found by the Board, he was in the course of his employment; but there is no evidence upon which to make the finding made by the Board in that regard. All concur.