STATE EX REL. GREAT NORTHERN EXPRESS COMPANY
v. DISTRICT COURT OF RAMSEY COUNTY.[1]

May 16, 1919.

No. 21,230.

**Workmen's Compensation Act — common carrier — evidence.**
　　1. Action to recover under the Workmen's Compensation Act. Evidence considered and *held*, that the defendant is a common carrier of express, but not a common carrier by steam railway.

[1] Reported in 172 N. W. 310.

**Same — injury arising out of course of employment.**

    2. Evidence considered and *held*, that the defendant company as well as the deceased, was, at the time of the accident in question, subject to the Workmen's Compensation Act, and that the accident arose out of and within the course of the employment.

Upon the relation of the Great Northern Express Company the supreme court granted its writ of certioraari directed to the district court for Ramsey county, Hanft, J., to review proceedings in that court brought under the Workmen's Compensaton Act by Emeline F. Kelly, widow of Matthew C. Kelly, as employee, against the Great Northern Express Company, as employer. Affirmed.

    *M. L. Countryman, A. L. Janes, E. C. Lindley* and *F. G. Dorety,* for appellant.

    *Lyle Pettijohn,* for respondent.

QUINN, J.

Action under the Minnesota Workmen's Compensation Act, to recover for the death of plaintiff's husband, caused while in the employ of the defendant. The trial court made findings and ordered judgment for the plaintiff in the sum of $2,050. Judgment was so entered. The cause comes to this court by certiorari for review. Two questions are presented:

    (1) Is the defendant exempted from the application of the Compensation Act by virtue of chapter 193 of the Session Laws of 1915 providing that the act shall not apply to "any carrier by steam railroad?"

    (2) Was the death of plaintiff's decedent due to an accident arising out of and in the course of his employment within the meaning of the Compensation Act?

The defendant, Great Northern Express Company, is a Minnesota corporation. It is a common carrier of express throughout this and other of the states. It operates largely, but not exclusively, over the lines of the Great Northern Railway Company which operates its trains by steam. Defendant owns no interest in such railway, nor has in any manner to do with its operation, or that of any other railroad. It merely pays the railway company for carrying its express parcels. The Great North-

ern Railway Company owns the capital stock of the defendant, but the employees are answerable in their employment to the defendant and not to the railway company.

At and for some time prior to his death, which occurred on October 9, 1917, Matthew C. Kelly, plaintiff's husband, was in the employ of the defendant express company as a warehouse man at a salary of $18 per week. Defendant's general office building, where Kelly usually worked, is at the corner of Third and Broadway streets in the city of St. Paul, and its warehouse is situated some two blocks distant therefrom near the yards of the Union Depot. There were toilet accommodations in the general office building, but there were none in the warehouse in which deceased was sent to work in sorting express, and the distance between the two buildings was such as to render it impossible for an employee at the warehouse to reach the toilet in case of an exigency. On the day of the accident decedent had been handling express at the general office building. Shortly before the accident he was directed to go to the warehouse and there assist in sorting express packages, which were to be sent by the defendant to points outside the state over the Great Northern Railway Company's lines. While at the warehouse in the course of his employment, deceased had occasion to use a toilet and sought, as a matter of necessity, shelter under a freight car standing on a side track some 30 feet distant from the warehouse. The car was moved and he was killed instantly. Although the place to which deceased resorted was an unsafe one, the trial court found that he was not guilty of wilful negligence.

It is contended that neither the defendant company nor the deceased was subject to the Workmen's Compensation Act at the time of the accident; that the defendant was owned by the Great Northern Railway Company; that it operated over the lines of that and other steam railways; that it paid a certain per cent of its revenues for its railway service, and therefore was a common carrier by steam railroad and exempt from the operation of the act.

Under the original Compensation Act, § 8202, G. S. 1913, the only common carriers exempted from its operation were those subject to Federal legislation. By chapter 193, p. 258, of the Laws of 1915, section 8202 was amended so as to provide that: "This act shall not be con-

strued or held to apply to any common carrier by steam railroad." It is clear that the defendant' express company is a common carrier, but it neither owns nor operates a railroad of any kind. Its employees are not subject to the Federal Employer's Liability Act. It has exclusive control over its employees. In transacting business it avails itself of the various railroads in its territory as a means of shipping express, paying stated rates therefor. We do not think it can be said that the appellant is, within the meaning of the law, a common carrier by railroad. Higgins v. Erie R. Co. 89 N. J. Law, 629, 99 Atl. 98. Evidently the legislative purpose of the amendment was to prescribe a rule exempting carriers having to do with the operation of railroads by steam. We hold that the defendant was within and subject to the provisions of the act.

We have no doubt but that the trial court was fully justified, under the showing, in finding that the accident arose out of and within the course of the employment. It occurred during working hours. There were no toilet accommodations within two blocks. Decedent was of necessity compelled to attend to his call. Defendant was negligent in not providing accommodations in the warehouse. The necessity of the decedent's immediately retiring to some available place, coupled with the absence of accommodations in the warehouse, gave rise to the danger. The case is not without precedent. Newark Pav. Co. v. Klotz, 85 N. J. Law, 432, 91 Atl. 91; Jarvis v. Hitch (Ind. App.) 65 N. E. 608; State v. District Court of St. Louis County, 129 Minn. 176, 151 N. W. 912; State v. District Court of Ramsey County, 129 Minn. 502, 153 N. W. 119, L.R.A. 1916A, 344.

*Judgment affirmed.*