In the Matter of the Claim of LUCY CLARK, Respondent, *v.* WILLIAM VOORHEES et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — opinions of commission should not be incorporated in findings — award justified only when injuries arise both out of and in course of employment — award not justified for death of employee from injuries received in street on way from place of employment to restaurant.**

1. Opinions written by the state industrial commission have no place in the findings and should not be incorporated therein. (*Matter of Lorchitsky* v. *Gotham F. B. Co.*, 230 N. Y. 8, followed.)

2. The words " arising out of and in the course of the employment " have a clear and definite meaning and an award can be made under the statute only when the injuries arise out of *both*.

3. Injuries received by an employee from being struck by a motor truck while in a public street between two hundred and fifty and three hundred feet from his employer's place of business, which he had left

for a purpose entirely personal, arose neither out of nor in the course of his employment.

*Matter of Clark* v. *Voorhees*, 194 App. Div. 13, reversed.

(Argued March 3, 1921; decided April 19, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 9, 1920, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

*William Warren Dimmick* for appellants. The practice by the commission in this case, of incorporating the opinion of Commissioner Henry D. Sayer and the opinion of the state industrial commission as part of the findings in this case, was erroneous, irregular and contrary to the meaning and the provisions of the Workmen's Compensation Law of the state of New York. Within a recent decision of the Court of Appeals of New York state, such a practice has been condemned as " unfortunate " and unsatisfactory, within the meaning of the statute. (*Matter of Lorchitsky* v. *Gotham F. B. Co.*, 230 N. Y. 8.) The alleged accidental injuries did not arise out of and in the course of decedent's employment, within the meaning of sections 1, 2 and 3 of the Workmen's Compensation Law of New York state. (*Kiley* v. *Healy*, 29 N. Y. Supp. 3; *Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 132; *Heitz* v. *Ruppert*, 218 N. Y. 152; *De Voe* v. *N. Y. State Railways*, 169 App. Div. 472; *Newman* v. *Newman*, 169 App. Div. 747; 218 N. Y. 325; *Matter of McNicol*, 215 Mass. 499; *Bylow* v. *St. Regis Paper Co.*, 179 App. Div. 555; *Manor* v. *Pennington*, 188 App. Div. 132.)

*Charles D. Newton*, Attorney-General (*E. C. Aiken* of counsel), for respondent.

McLAUGHLIN, J. This appeal is from an order of the Appellate Division, third department, affirming, two of

the justices dissenting, an award of the state industrial commission, made under the Workmen's Compensation Law (Cons. Laws, chap. 67) to the widow of John C. Clark.

The facts, as found by the state industrial commission, are that Clark, for some time prior to his death, was employed as a salesman by William Voorhees, a wholesale dealer in fruit and vegetables. Early in the morning of May 30, 1918, Clark left his employer's place of business for the purpose of going to a restaurant between four and five hundred feet away to get a cup of coffee. While in a public street going to such restaurant, and between two hundred and fifty and three hundred feet from the employer's place of business, he was struck by a motor truck carrying United States mail, and sustained injuries from which he died shortly thereafter.

The validity of the award affirmed by the Appellate Division is challenged by the employer and insurance carrier on the ground that the injuries which resulted in Clark's death did not arise out of and in the course of his employment.

Before proceeding to consider that question, it may not be out of place to again call attention to a practice by the commission which was disapproved by this court in *Matter of Lorchitsky* v. *Gotham Folding Box Co.* (230 N. Y. 8). The practice to which reference is made is the one of incorporating the opinion written by the commission as part of the findings. Such opinion has no place in the findings and should not be incorporated therein. The reason for this is fully stated in *Matter of Lorchitsky* v. *Gotham F. B. Co.* (*supra*) and need not be here repeated.

I am of the opinion that the injuries which Clark received, and which resulted in his death, did not arise out of and in the course of his employment. The words " arising out of and in the course of the employment " have a clear and definite meaning and an award can be

made under the statute only when the injuries arise out of *both.* (*Matter of Schultz* v. *Champion Welding & Mfg. Co.,* 230 N. Y. 309; *Matter of Daly* v. *Bates & Roberts,* 224 N. Y. 126; *Matter of Heitz* v. *Ruppert,* 218 N. Y. 148.) This injury did not arise out of either. When the decedent left the employer's place of business for the purpose stated, and while walking in the street he was not doing anything which he was employed to do; nor was it anything incident to or connected with the employment. It was no more a part of his employment than it would have been had he started for his own home for the purpose of getting his breakfast. The business of the employer ended when he got into the street. (*Armstrong, Whitworth & Co.* v. *Redford,* 1920 App. Cas. 757; *Davidson* v. *M'Robb,* 1918 App. Cas. 304.) While on the way to the restaurant he was engaged in his own personal affairs.

This court has recently held that where an employee was injured while on his way to the place where he was to render service, such injuries did not arise out of the employment and were not connected therewith. (*Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.,* 229 N. Y. 489; *Pierson* v. *Interborough Rapid Transit Co.,* 184 App. Div. 678; affd., 227 N. Y. 666; *Matter of Schultz* v. *Champion Welding & Mfg. Co., supra.*) Also, where a workman left the employer's premises to go to his home for dinner. (*Matter of McInerney* v. *Buffalo & S. R. R. Corpn.,* 225 N. Y. 130.) And where a workman stopped work and went of his own volition to another part of the building in which he was employed, to speak to an employee who was about to leave the place. (*DiSalvio* v. *Menihan Co.,* 225 N. Y. 123.)

The conclusion thus reached renders it unnecessary to pass upon the other questions raised by the appellants.

The order of the Appellate Division and award of the state industrial commission should be reversed and

2

the claim dismissed, with costs against the industrial commission in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; CHASE, J., dissents on ground that employee had not left employer's business at the time of the accident.

Order reversed, etc.