## FRANK E. MAXA v. COUNTY OF LE SUEUR.[1]

June 25, 1926.

No. 25,380.

**Evidence sustained denial of compensation to laborer in gravel pit.**
    Evidence examined and *held* such as to justify the holding of the Industrial Commission that relator was not entitled to compensation for the injuries sustained by him for which he seeks to recover under the Workmen's Compensation Act.

Workmen's Compensation Acts, C. J. p. 72 n. 69; p. 115 n. 37; p. 122 n. 40.

---

See notes in L. R. A. 1916A, 320; L. R. A. 1917D, 120; 6 B. R. C. 471; 28 R. C. L. p. 804; 3 R. C. L. Supp. p. 1596; 4 R. C. L. Supp. p. 1857; 5 R. C. L. Supp. p. 1570.

Certiorari to review an order of the Industrial Commission refusing compensation under the Workmen's Compensation Act. Affirmed.

*Weikert, Lohmann & Wilford*, for relator.

*Lancaster, Simpson, Junell & Dorsey*, for respondents.

QUINN, J.

The relator, Frank E. Maxa, was in the employ of Le Sueur county as a laborer in a gravel pit at a weekly wage of $14.75. The employer had a crew of men and teams hauling gravel from a pit on the bank of a lake in that county for use on the highways. The foreman of the crew borrowed an old fish house and placed it in the pit for use as an office. This house was about 6 feet square. The foreman had a small stove in it upon which he made coffee for his midday lunch and relator also used it for that purpose. On December 16, 1924, relator was at work in the pit. It was his duty to blast and loosen gravel so that the wagons could be loaded quickly when they arrived. He was at work about two rods from the office and shortly before lunch time went in, put a little wood in the stove and some

[1]Reported in 209 N. W. 898.

coffee on to steep in a two-quart syrup pail which had a tight cover. He then returned and worked for 15 or 20 minutes, after which he went into the office where he tried to remove the cover of the pail with his fingers. Not being able so to do, he took a knife, tapped on the cover when it flew up, the steam and hot water flying into his face, severely burning his forehead, eyes and the upper portion of his face so that one of his eyes was permanently impaired.

Relator filed a petition with the Industrial Commission for compensation under the Workmen's Compensation Act. The matter was referred to a referee, testimony taken, and on September 23, 1925, the referee made and filed his findings and an order to the effect that relator suffered accidental injuries to his forehead and eyes, as above indicated, but which accident did not arise out of and in the course of his employment, and that the claim for compensation so filed by relator be disallowed. Relator appealed from such order to the commission where the matter was duly submitted upon a transcript of the evidence, proceedings had before the referee and the oral arguments of counsel. The commission approved and adopted the findings of the referee and affirmed the decision.

The case comes to this court for review by certiorari. To entitle relator to compensation, it must appear that the accidental injuries arise out of and in the course of the laborer's employment. The referee found against the relator upon this proposition and the commission, passing upon the testimony, affirmed the finding of the referee. The evidence warrants the finding which necessitates an affirmance of the order of the commission by this court. Morier v. St. P. M. & M. Ry. Co. 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793; State ex rel. v. District Court, 138 Minn. 326, 327, 164 N. W. 1012, L. R. A. 1918F, 881, and cases therein cited; Clark v. Voorhees, 231 N. Y. 14, 131 N. E. 553; Heitz v. Ruppert, 218 N. Y. 148, 112 N. E. 750, L. R. A. 1917A, 344; Di Salvio v. Menihan Co. 225 N. Y. 123, 121 N. E. 766. Without further discussion, it is sufficient to say that the evidence sustains the finding of the referee and of the commission.

Affirmed.