## INDUSTRIAL COMMISSION v HENRY

Ohio Appeals, 2nd Dist, Clark Co

No 334. Decided Dec 14, 1933

James H. Davis and C. C. Corr, for plaintiff in error.

Cowan, Adams & Adams, Columbus, and R. Stanley Lucas, Springfield, for defendant in error.

## OPINION

### By HORNBECK, PJ.

It is the claim of the Commission that under the facts heretofore stated plaintiff's decedent is not entitled to share in the Commission's compensation fund. It is urged that the municipality had provided a suitable toilet which was available to plaintiff's decedent and that when he chose to use some place other than that provided, he had departed from the property of the municipality and from the environment of his employment and could not be said to have been killed in the course of his employment.

We are required, upon these proceedings in error, to indulge every legal intendment to support the judgment which the record will permit. So doing, we are required to say that the trial court was justified in determining that, although there was a toilet provided by the municipality, it was neither reasonably accessible nor convenient (the testimony supporting this conclusion offered by Harry Barney Rinehart, Calvin Miller and Mitchell J. Somers); that by reason thereof employees in the street cleaning department of the municipality did use other more convenient and accessible places to answer calls of nature and that this practice was, in all probability, known by the agents of the municipality; that on the night when plaintiff's decedent was killed he followed a custom theretofore observed by the employees of the city, left his place of employment during hours of employment to answer a call of nature, which was incident to his employment and while in that engagement was killed.

Upon these facts we are of opinion that the trial court was justified in returning its finding and judgment for the plaintiff, upon the authority of two cases in Ohio. The second head-note of Industrial Commission v Weygandt, 102 Oh St, 1, provides:

"The test of right to award from the insurance fund under the Workmen's Compensation Law, for injury in the course of employment, is not whether there was any fault or neglect on the part of the employer, or his employees, but whether the employment had some causal connection with the injury, either through its activities, its conditions or its environments."

And second, Industrial Commission v Henry, 124 Oh St, 616, the first syllabus thereof:

"Where the claimant's decedent had entered upon his employment in the early morning hours, had left the premises of the employer to get his breakfast at a restaurant, in accordance with a custom acquiesced in by the employer, and, while returning to the premises of the employer by a direct and necessary route along a public thoroughfare, was struck by a train running upon the tracks of a railroad so immediately adjacent to the premises of the employer that the only way of ingress and egress toward the restaurant was one of hazard, the accident arose out of and in the course of the decedent's employment."

In the instant case the employment had causal connection with the injury through a condition and environment under which plaintiff's decedent worked. Like the Henry case, which this court reviewed and passed upon, plaintiff was off the premises of his employer when he was killed but his movement on to adjacent premises was for the purpose of meeting the necessity of an incident of his employment, namely, a call of nature during the hours of employment.

Many cases are cited by counsel for plaintiff, none of which is it necessary to review, inasmuch as those set forth are, in our judgment, determinative.

Likewise, counsel for defendant consider and distinguish many of the cases cited by plaintiff and it is true there are distinguishing facts in most of the cited cases other than those which we have quoted. We do not cite the Weigandt case, supra, as being parallel to the instant case in facts, but because of the principle set forth in the syllabus. The Henry case, supra, is very much like the instant case in the controlling facts.

There is one other case cited in a foreign jurisdiction which is interesting because of the great similarity to the instant case in the questions presented for determination: State ex Great Northern Express Co. v District Court of Ramsey County (Minn.), 172 NW, 310. At page 311 the court said:

"We have no doubt but that the trial court was fully justified, under the show-

688

ing, in finding that the accident arose out of and within the course of the employment. It occurred during working hours. There were no toilet accommodations within two blocks. Decedent was of necessity compelled to attend to his call. Defendant was negligent in not providing accommodations in the warehouse. The necessity of the decedent's immediately retiring to some available place, coupled with the absence of accommodations in the warehouse, gave rise to the danger. The case is not without precedent."

The court then cites a number of cases to support its position. The only distinguishing difference between the New Jersey case and our case is that in the Henry case the municipality did provide a toilet, not in the garage but in another building remote from the garage and inconvenient for use, whereas in the New Jersey case no toilet was provided by the employer. However, the court bases its opinion in part upon the fact that no facilities were provided in the warehouse where the workmen were employed.

We have carefully read this record in its entirety and the excellent briefs of counsel for the parties but feel that it would serve no useful purpose to discuss cited cases at further length.

The judgment of the trial court will, therefore be affirmed.

KUNKLE and BARNES, JJ, concur.