## YOUNG v INDUSTRIAL COMM.

Ohio Appeals, 2nd Dist, Franklin Co

No 2953. Decided Feb 27, 1939

Warren A. Smith, V. L. Stouffer, Columbus, for plaintiff-appellant.

Ralph J. Bartlett, Prosecuting Attorney, Columbus; Edwin B. Paxton, Asst. Pros. Atty., Columbus, for defendant-appellee.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, Ohio.

On November 30, 1936, plaintiff was employed by the Barricklow Construction Company, which company was a subscriber to the State Industrial Fund and amenable to the Workmen's Compensation Act of Ohio. At the time in question the Construction Company was engaged in rebuilding a highway project on Parsons Avenue, which project was more than two miles in length. On the day in question, plaintiff Young was in charge of a power grader, which was being operated immediately in advance of the regular workmen who were filling the berm. Two miles of the road had been virtually completed and one mile entirely finished and opened for use by the public. At the noon hour and about ten minutes after the usual time of quitting for lunch, the plaintiff took his own automobile, which was parked at or near his work, and proceeded over this highway, including the one mile which was thrown open for public travel, in order to go to lunch. He reached the intersection of Williams Road, and there had a collision with another automobile and was injured.

This is the basis of plaintiff's claim in the instant case.

The case was tried to a court and jury and at the close of all the testimony, the trial court instructed the jury to return a verdict in favor of the defendant on the ground that there was no evidence supporting plaintiff's claim that he was injured in the course of his employment. The usual motion for new trial was interposed and afterward overruled, and judgment entered on the verdict. This is the final order from which error is prosecuted.

Within the statutory period plaintiff gave notice of appeal on questions of law, but did not at any time file bill of exceptions. In lieu thereof an agreed statement of facts is substituted, signed by both counsel for the appellant and counsel for the appellee.

Among other things contained in the agreed statement of facts is a stipulation that the work on Parsons Avenue from its intersection with Williams Road south a distance of more than a mile had been completed and that this portion of Parsons Avenue from Williams Road south, for a distance of more than a mile, was open to general traffic and travel of the public. It is further agreed that on the date on which the claimant, Frank Young, was injured he left his place of employment between 11:30 and 11:40 for his lunch and to take his lunch at a place of his own selection; it is further agreed that the period allowed the employees on this construction and the period which was allowed to claimant and appellant, Young, was one-half hour; it is further agreed that during this lunch hour period of one-half hour Mr. Young was not under the control and supervision of his employer, but was free to go and do anything that he cared to do during that period; it is agreed that the distance from where Mr. Young was working to the intersection of Williams Road and Parsons Avenue, where the collision occurred, was more than two miles.

It is our view that these agreed facts clearly prevent plaintiff's recovery.

Counsel for appellant cite **42 O. Jur. (Workmen's Compensation) §§50 and 51.**

Section 50, among other things, after announcing one of the requisite conditions of compensibility under the Ohio Compensation Law, is that the injury, casualty or disease complained of should have occurred or have been occasioned in the course of the workman's employment, and that such injury and so forth must have some causal connection with the employment; then refers to the principle that such connection may in some instance be shown either through its activities, its conditions or its environments.

Section 51 contains the statement that no precise formula can be laid down which will automatically solve every case so far as the factors of activities, conditions or environments are concerned, since the sphere of the employment is variable.

The following cases have been cited by plaintiff:

**Taylor v Industrial Commission, 13 Oh Ap 262;**

**Industrial Commission v Henry, 124 Oh St 616; 15 Abs 685;**

**Spicer Mfg. Co. v Tucker, 127 Oh St 421;**

Kingsley v Donovan, 155 N. Y. S., 801;

Fogg's Case, 132 Atl., 129;

Ward v Standard Lumber Co., 4 La. App., 89;

Beer's Case, 130 Atl., 350;

Norris v N. Y. C. R. R. Co., 158 N. E. 879;

**Industrial Commission v Barber, 117 Oh St 373;**

**Kasari v Industrial Commission, 125 Oh St 410;**

**Gregory v Industrial Commission, 129 Oh St 365.**

We have examined these cases but the facts under which the principles are announced are so at variance with the facts of the instant case that we are unable to find that they are in any sense supporting to plaintiff's claim.

It is stated that the trial court in directing verdict depended largely upon the case of **Industrial Commission v**

**Baker, 127 Oh St 345.** As we view it, this case is directly in point, and not only justified but required the court's action in directing verdict.

Counsel for the Industrial Commission also cite the following cases:

**Snider v Industrial Commission, 58 Oh Ap, 170;**

Hills v Blair, 182, Mich., 20;

McInerney v Buf. & Sus R. R. Corp., 225 N. Y. 130.

The judgment of the trial court will be affirmed and the cause remanded for further proceedings according to law.

HORNBECK, PJ. and GEIGER, J, concur.