EDWARD L. SACHLEBEN, Claimant, Appellee, v. GJELLEFALD CONSTRUCTION COMPANY et al., Defendants, Appellants.

No. 45074.

FEBRUARY 13, 1940.

REHEARING DENIED MAY 18, 1940.

Cook & Balluff, for appellants.

U. A. Screechfield, for appellee.

Clark O. Filseth, for intervenor.

HAMILTON, C. J.—Appellee received his injuries, for which compensation, under the Workmen's Compensation Act, is claimed, while employed by the Gjellefald Construction Company hereinafter referred to as appellant. The work being done was the laying of a sewer on Front street in the city of Davenport, Iowa. Front street, at the place of the injury, runs in an easterly and westerly direction parallel with the Mississippi river; between the river and Front street is a railway yard on which is situated four separate tracks also running parallel with the street. Two of these tracks are side by side with only room between for clearance of cars and are just south of Front street. Two other tracks are farther south, near the river. These are referred to in the record as transfer tracks on which cars are transferred and shifted by means of a switch engine. Appellee, responding to an urgent call of nature for bowel movement, had gone from his place of work south across these tracks, a distance of from 330 to 495 feet, to where some freight cars were standing on the southern most track to conceal himself from the public gaze while answering this call of nature. He looked up the track to see if there was a switch engine in sight, but, seeing none, he squatted on the outside of the rails between two cars. While so situated, a switch engine contacted

the cars, moving them suddenly, and, as appellee attempted to rise to get out of the way, he was caught by the corner of one of the cars and in some way dragged underneath the car in such a way that his legs were run over and crushed. The question is whether the injury arose out of and in the course of claimant's employment.

The case was first heard by the deputy industrial commissioner, acting as sole arbiter, who found for claimant. On petition for review to the industrial commissioner, the case was sent back for further proof as to one matter not sufficiently covered to enable the commissioner to determine the question. There was a second hearing before the deputy, who, again, found for claimant. On review, the commissioner also found for claimant. On appeal to the district court, the decision was affirmed. The written opinion of the industrial commissioner discloses a very earnest, careful consideration of the case in all its phases. The case presents a very close question of law; so close, indeed, that it cannot be said to be entirely free from doubt. The circumstances are so unusual that it would serve no useful purpose to again set them out and discuss and weigh the evidence in this opinion. This has been ably done by the commissioner in his opinion which may be found in the printed abstract of record.

The record shows that the commissioner and able counsel for opposing parties fully comprehended the legal question involved. The rule is that an injury is one arising in the course of the employment which occurs while the employee is doing what a man so employed may reasonably do within the time during which he is employed, and at a place where he may reasonably be during that time. Enfield v. Certain-teed Prod. Co., 211 Iowa 1004, 1013, 233 N. W. 141. In applying this rule to the facts in this case, three tribunals resolved the matter in favor of claimant.

After a careful consideration of the entire record, this court has reached the same conclusion. The case is, accordingly, affirmed.—Affirmed.

SAGER, OLIVER, MITCHELL, STIGER, and RICHARDS, JJ., concur.

MILLER, BLISS, and HALE, JJ., dissent.

MILLER, J. (dissenting)—I am unable to agree with the foregoing opinion and respectfully dissent.

The issue here presented is whether or not the facts shown by the record bring the case within the rule announced by this court in the case of Christensen v. Hauff Bros., 193 Iowa 1084, 188 N. W. 851. It is my understanding that the majority do not intend to overrule the holding in that case, but merely distinguish this case from it on the facts. The majority concede that the case presents a very close question of law. Personally, I am unable to agree that the facts were sufficient to avoid the application of the rule announced by us in Christensen v. Hauff Bros., supra. I would reverse.

I am authorized to state that HALE and BLISS, JJ., concur in this dissent.