GEORGE SUDEITH v. CITY OF ST. PAUL, DEPARTMENT OF PARKS, PLAYGROUNDS, AND PUBLIC BUILDINGS.[1]

May 16, 1941.

No. 32,814.

[1]Reported in 298 N. W. 46.

322

*Harry W. Oehler, Frank B. Daugherty,* and *Francis M. Smith,* for relator.

*Samuel A. Anderson, Russell M. Carlson,* and *G. W. Mantor,* for respondent.

HOLT, JUSTICE.

Respondent was an employe of relator on the date hereinafter referred to. His duties were to sprinkle the "greens" on relator's golf course in Como Park. His hours of work were from six o'clock in the evening until two o'clock the next morning, with half an hour for lunch. He usually ate his lunch at the pavilion, and near midnight. A few minutes before midnight September 13, 1932, respondent, having finished his lunch at the pavilion, started to cross the pavement or boulevard to go to the toilet on the westerly side thereof, when he was struck by an automobile driven by one James E. Ryan and severely injured. Relator paid respondent's hospital bills and also $14 weekly compensation for 300 weeks. When these payments ceased this proceeding was started. The referee found that at the time mentioned respondent sustained an accidental injury to his person which arose out of and during the course of his employment, and awarded compensation at $14 per week during the continuance of his disability—the total limited to $10,000 less the $4,200 already paid. The industrial commission, on appeal, adopted and affirmed the findings of the referee. Respondent sued James Ryan in a common-law action to recover damages caused by Ryan's alleged negligence, but failed. Sudeith v. Ryan, 205 Minn. 620, 287 N. W. 7.

The assignments of error challenge only the finding that the accidental injuries of respondent arose out of and in the course of his employment. The contention is that the place of the accident was not where respondent was required to be and not during his hours of work, but during the time allotted him for lunch. The pavilion was about a block distant from the nearest part of the golf course. Respondent could have reached the toilet without going to the pavilion or crossing the boulevard. He had no duties

at the pavilion, which was locked an hour before midnight and its lights turned out. On the other hand, the commission had the right to take into consideration that the golf course is a part of Como Park, and that while in the park as a city employe respondent might properly be expected to protect the interests of relator in the park. He had been furnished by his superior with a police badge. The half hour he was given for lunch was too short for him to have it at home or away from the park. It seems to us that the commission could also lay some significance to the fact that relator paid respondent's hospital expenses and weekly compensation for 300 weeks without objection. The superior who instructed respondent as to his duties is now dead, and his testimony is not available.

Relator calls attention to this part of 1 Mason Minn. St. 1927, § 4326(j):

"Without otherwise affecting either the meaning or interpretation of the abridged clause 'personal injuries arising out of and in the course of employment.' It is hereby declared:

"Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services require their presence * * * during the hours of service as such workmen; * * *"

And of prior decisions, relator cites as most in point Simonds v. Reigel, 165 Minn. 458, 206 N. W. 717; Maxa v. County of Le Sueur, 168 Minn. 65, 209 N. W. 898 (accident while preparing lunch); Kelley v. N. W. Paper Co. 190 Minn. 291, 251 N. W. 274; Henry v. D. A. Odell Motor Car Co. 191 Minn. 92, 253 N. W. 110; Helfrich v. Roth, 193 Minn. 107, 258 N. W. 26. It is to be noted that in both the Simonds and the Maxa cases the commission's finding was that the accidental injury did not arise out of and in the course of the employment, while here the finding is to the contrary. In the Kelley case the accident occurred while the workmen were driving across a railroad track to the place of work. The Henry case is, if anything, in favor of respondent, and the Helfrich case

does not appear to be at all in point. In the case at bar the award seems to depend on whether the commission found respondent's claim true, that he was on his way to the toilet. It must be assumed that a workman is within the protection of our workmen's compensation act while within the hours of work on the employer's premises he is on his way to a toilet to respond to a call of nature. Respondent cites State ex rel. G. N. Exp. Co. v. District Court, 142 Minn. 410, 172 N. W. 310; Sachleben v. Gjellefald Const. Co. 228 Iowa, 152, 290 N. W. 48; Milwaukee Western Fuel Co. v. Industrial Comm. 159 Wis. 635, 150 N. W. 998; Kaletha v. Hall Merc. Co. 157 Minn. 290, 196 N. W. 261; Krause v. Swartwood, 174 Minn. 147, 218 N. W. 555, 57 A. L. R. 611, which while not resembling the facts in the instant case bear on the interpreta tion of the workmen's compensation act.

The award of the commission is sustained and the writ discharged. Respondent may tax $75 attorneys' fees.

