**James MIEDEMA, Appellant,**

v.

**The DIAL CORPORATION, Appellee.**

**No. 95–1065.**

Supreme Court of Iowa.

July 24, 1996.

James D. Hoffman, Keokuk, for appellant.

E.J. Giovannetti and Anne C. Clark of Hopkins & Huebner, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, SNELL, ANDREASEN, and TERNUS, JJ.

SNELL, Justice.

Appellant, James Miedema, appeals from a decision of the district court upholding the industrial commissioner's denial of benefits, finding that appellant's injury did not arise out of his employment. We affirm.

## I. Factual and Procedural Background

James Miedema was employed as a laborer at The Dial Corporation. On August 19, 1991, after clocking in for his shift and while getting ready to work, Miedema went to the restroom at the plant to use the toilet. After turning to flush the toilet, he experienced severe pain in his lower back and had diffi-

culty getting up and standing erect. He was then taken to the emergency room at a local hospital where he was treated and released. He was diagnosed with a severe back strain and was out of work for a month before returning to full duty. Miedema indicated during the course of his treatment that he had minor back problems prior to the incident, but that this particular injury seemed to be more severe.

The deputy industrial commissioner found that the injury suffered by Miedema arose out of and in the course of employment, such that it was compensable under the Iowa workers' compensation statute. The deputy commissioner found that Miedema's presence in the restroom was "a part of his employment" and the injury occurred in the employment setting. On appeal to the industrial commissioner, the deputy's decision was reversed. The commissioner found that although Miedema's injury occurred in the course of employment, it did not arise out of his employment. Upon appeal to the Iowa district court, the decision of the industrial commissioner was affirmed. Miedema's injury was determined to be noncompensable. From this decision, Miedema appeals.

## II. Scope of Review

■ In reviewing district court decisions regarding the validity of agency actions, we only look to whether the district court has correctly applied the law. *Norland v. Dep't of Job Serv.*, 412 N.W.2d 904, 908 (Iowa 1987). The district court is charged with determining whether there is sufficient evidence in the record to support the commissioner's decision. Thus, in reviewing the determination of the district court's decision, we will apply the standard of Iowa Code section 17A.19(8) (1995) to determine whether our conclusions are the same as those of the district court. If our conclusions are the same, then we must affirm.

## III. Issue on Appeal

■ The sole issue on appeal is whether Miedema's injury arose out of his employment so that it is compensable under the workers' compensation statute. It is well

settled in Iowa that for an injury to be compensable, it must occur both in the course of and arise out of employment. Iowa Code § 85.3(1) (1995); *Crowe v. DeSoto Consol. Sch. Dist.*, 246 Iowa 402, 405, 68 N.W.2d 63, 65 (1955). The words "in the course of" refer to the time, place, and circumstances of the injury. *Crowe*, 246 Iowa at 405, 68 N.W.2d at 65. The term "arising out of" refers to the cause and origin of the injury. *McClure v. Union, Counties*, 188 N.W.2d 283, 287 (Iowa 1971); *Crowe*, 246 Iowa at 405, 68 N.W.2d at 65. The two tests are separate and distinct and both must be satisfied in order for an injury to be deemed compensable.

There is no dispute that Miedema's injury occurred in the course of his employment. Miedema was on his employer's premises, during his normal working hours, and was about to perform his required duties before his back unexpectedly was strained. Miedema's use of the restroom during work time affords him the protection of the "personal comfort" doctrine. "Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment...." 1A Larson, *Workmen's Compensation Law* § 21 (1994). But the principle of that doctrine relates primarily to the question of whether the injury occurred in the course of employment. Thus, the personal comfort doctrine is only determinative to the extent that it ensures coverage would not be denied because Miedema was attending to a "personal matter" at the time of injury.

The second tier of the test for compensability, namely, whether the injury arose out of his employment, requires a distinct and independent inquiry. Injuries that occur in the course of employment or on the employer's premises do not necessarily arise out of that employment. In order for Miedema's injury to be compensable, he must prove by a preponderance of the evidence that a causal connection exists between the conditions of his employment and the injury to his back. *Sheerin v. Holin Co.*, 380 N.W.2d 415, 417 (Iowa 1986); *Musselman v. Central Tel. Co.*, 261 Iowa 352, 154 N.W.2d 128, 130 (1967). In other words, the injury must not have coincidentally occurred while at work, but must in some way be caused by or related to the working environment or the conditions of his employment. There is no indication that the design of the restroom or of the toilet Dial provided for its employees contributed to Miedema's injury. Nor does it appear that any condition of his employment exposed him to a risk or hazard that would not be associated with using a toilet elsewhere. As this court has stated when construing the "arise out of" component of the analysis, "[t]he injury must be a natural incident of the work. This means that it must be a rational consequence of a hazard connected with the employment." *Cedar Rapids Community Sch. v. Cady*, 278 N.W.2d 298, 299 (Iowa 1979). Spraining his back while using the restroom is not a hazard associated with Miedema's employment. The risk of a back injury in this circumstance is in no way connected to nor increased by his employment with Dial.

In *Hanson v. Reichelt*, 452 N.W.2d 164 (Iowa 1990), this court discussed the necessity of the causal connection required in determining whether the "arise out of" component is satisfied and adopted the actual risk rule in cases involving injury from exposure to the elements. We said the critical inquiry for such a determination is: "If the nature of the employment exposes the employee to the risk of such an injury, the employee suffers an accidental injury arising out of and in the course of employment." *Hanson*, 452 N.W.2d at 168. Although *Hanson* involved a heat stroke case, its analysis applies here. Miedema fails to establish that use of Dial's restroom exposed him to any increased risk of injury. Rather, any risk of back injury associated with use of Dial's toilet seems to have been singular to Miedema and is not causally connected to the conditions of the restroom facilities.

Miedema cites our prior decision in *Sachleben v. Gjellefald Constr. Co.*, 228 Iowa 152, 290 N.W. 48 (1940), to support his contention that all restroom related injuries are compensable. In *Sachleben*, the employee was injured while attending to personal relief between two rail cars. The district court was

correct in distinguishing these facts from the case at bar. In *Sachleben,* the employee was injured as a result of conditions created by the employer by failing to provide restroom facilities for its employees, thus exposing the employees to the dangers of the rail yard. In the instant case, there were no dangerous conditions created by Miedema's employer. Dial provided standard restroom facilities for its employees and use of such facilities did not expose Miedema to any unnecessary hazard or risk. The injury suffered in *Sachleben* was the result of an external event, not by what can be characterized here as Miedema's self-contained condition.

Our decision is in accord with analysis employed by jurisdictions considering similar circumstances of injury. Other courts have held that a causal connection must be established for injuries involving "personal matters" to be compensable. *See Sacks v. Industrial Comm'n,* 13 Ariz.App. 83, 474 P.2d 442 (1970) (denying coverage for a worker who suffered a herniated disc while rising from the employer's toilet); *Southern Bell Tel. & Tel. Co. v. McCook,* 355 So.2d 1166 (Fla.1977) (holding injury that occurred when employee bent over to pick up piece of toilet tissue did not arise out of her employment); *Otto v. Moak Chevrolet, Inc.,* 36 Or.App. 149, 583 P.2d 594 (1978) (denying coverage for back injury suffered while pulling underwear up after using toilet); *United Parcel Serv. v. Fetterman,* 230 Va. 257, 336 S.E.2d 892 (1985) (denying coverage for injury suffered by employee while bending over to tie shoelace). *But see Wheatley v. Adler,* 407 F.2d 307 (D.C.Cir.1968) (permitting compensation for injury suffered while urinating, but this holding is particular to the Longshoreman's Act and Harbor Workers' Compensation Act). In *Edwards v. Liberty Mut.,* 130 Ga. App. 23, 202 S.E.2d 208 (1973), the Georgia Court of Appeals extended coverage to an employee who aggravated a back condition while sitting on the toilet, but the employer did not rest its challenge on the basis of the "arising out of test," nor did the court consider the issue. Thus, although the opinion in *Edwards* is contra to our decision today, we do not find its analysis useful in resolving the question at hand.

IV. Conclusion

■ Even though Miedema's back injury arose in the course of his employment, it does not necessarily follow that the injury also arose out of the employment. There must be a sufficient showing of a causal connection to satisfy the "arising out of" test. To ignore the causation requirement would render the two-tiered approach of Iowa's workers' compensation statute meaningless. The workers' compensation statute is not a general health insurance policy that extends to any and all injuries that happen to occur while on the job, but rather exists to compensate workers who are injured as a result of a condition of their employment. The judgment of the district court to uphold the commissioner's finding that Miedema's injury did not arise out of his employment with Dial is consistent with the law of this jurisdiction and is supported by the record. Consequently, the decision of the district court is affirmed.

**AFFIRMED.**