# IN THE COURT OF APPEALS OF IOWA

No. 14-0417
Filed January 28, 2015

**WAL-MART STORES, INC. and AMERICAN
HOME ASSURANCE CORP. AIG,**
        Plaintiffs-Appellants,

**vs.**

**LARRY PLUMMER,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


        An employer appeals the district court's affirmance of the final decision of

the worker's compensation commissioner. **AFFIRMED.**


        Mark Bosscher of Peddicord, Wharton, Spencer, Hook, Barron

& Wegman, West Des Moines, for appellants.

        Ryan T. Beattie of Beattie Law Firm, P.C., Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

Wal-Mart seeks judicial review of a workers' compensation decision in favor of employee Larry Plummer.[1]  Wal-Mart contends (I) "[t]his Court should reinstate the ruling by the Deputy that the alleged January 21, 2010 injury did not arise out of and in the course of employment," (II) "[t]his Court should reverse the part of the Commissioner's Appeal Decision that awarded the 'not credible' Claimant benefits for the alleged July 17, 2010 injury," and (III) "[t]his Court should reverse the award of sanctions against [Wal-Mart and its counsel] because [Plummer] failed to preserve this issue for appeal and because the Commissioner's ruling violates Iowa law and Agency precedent."

## I.      January 21, 2010 Injury

Personal injuries must "arise out of and in the course of employment" to be compensable.  Iowa Code § 85.3(1) (2013).  "Arising out of" refers to the "cause and origin of the injury."  *See Miedema v. Dial Corp.*, 551 N.W.2d 309, 311 (Iowa 1996).  "In the course of" refers to the "time, place and circumstances of the injury."  *Id.*; *See also* Iowa Code § 85.61(7) ("'[P]ersonal injury arising out of and in the course of the employment' shall include injuries to employees whose services are being performed on, in, or about the premises which are occupied, used, or controlled by the employer.").

Larry Plummer worked the third shift at Wal-Mart, which ended at 6 a.m.  On January 21, 2010, Plummer completed his shift, clocked out, and spent approximately thirty minutes shopping.  On his way out, he and a coworker

---

[1] Laura Ostrander of the Ostrander Law Firm moved to withdraw from representation of the appellants.  The motion is granted.

assisted a customer. While providing the assistance, Plummer slipped and fell. He completed an incident report designated for customers rather than employees.

Plummer sought workers' compensation benefits for an injury to his back. A deputy workers' compensation commissioner concluded the injury did not arise out of and in the course of employment because, at the time he fell, he was no longer on the clock. On intra-agency appeal, the commissioner reversed the decision. The commissioner did not specifically address the deputy's "off-the-clock" finding. Instead, the commissioner examined the causal connection between the fall and subsequent medical treatment. The commissioner found Plummer's visit to his physician four days after the fall was "causally related to the fall" but found no causal connection with back surgery Plummer underwent about seven weeks later. The commissioner ordered Wal-Mart to cover the medical expenses associated with the physician's visit, and nothing more.

Wal-Mart contested the ruling in a filing the commissioner construed as an application for rehearing. The commissioner denied the application and reaffirmed his prior ruling. Wal-Mart petitioned for judicial review. The district court affirmed the agency decision and this appeal followed.

Wal-Mart concedes Plummer was on Wal-Mart premises when he fell but asserts "he was not performing any 'services' on those premises because he had shopped as a customer off the clock, he was not permitted to stay on the clock while shopping, and he filled out a customer incident report." The argument implicates the "in the course of" rather than the "arising out of" requirement. This is a mixed question of law and fact. *Meyer v. IBP, Inc.*, 710 N.W.2d 213, 218

(Iowa 2006). We are bound by the operative facts if they are supported by substantial evidence. *Id.*; *see* Iowa Code § 17A.19(10)(f). We will overturn the agency's application of law to fact only if it is "irrational, illogical, or wholly unjustifiable." *Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010).

The commissioner found Plummer "went shopping in the store for a short time period" after completing his shift. The commissioner further found "[w]hile leaving the store approximately 30 minutes later, he slipped on ice and fell on the small cement ramp in front of the store entrance when assisting a customer." These findings are supported by substantial evidence. Indeed, they are essentially undisputed.

We turn to the agency's application of law to fact. By ordering the payment of medical expenses, the commissioner implicitly determined the "in the course of" requirement was satisfied, notwithstanding the lapse of time between Plummer's completion of his shift and the fall. *See Acuity Ins. v. Foreman*, 684 N.W.2d 212, 220 (Iowa 2004) (addressing implicit finding of agency), *abrogated on other grounds by Kohlhaas v. Hog Slat, Inc.* 777 N.W.2d 387, 391–92 (Iowa 2009). This determination was not irrational, illogical, or wholly unjustifiable.

In *Bailey v. Batchelder*, 576 N.W.2d 334, 340 (Iowa 1998), the Iowa Supreme Court stated, "[w]hat constitutes a reasonable amount of time depends 'not only on the length of time involved but also on the circumstances occasioning the interval and the nature of the employee's activity.'" (*citing Carter v. Volunteer Apparel, Inc.*, 833 S.W.2d 492, 494 (Tenn. 1992)). The court held as a matter of law that the claimant's presence in the parking lot fifty minutes

before her shift "was reasonable and thus within the course of employment." *Id.* at 341.

Plummer was technically off the clock for thirty minutes, far less than the time deemed to be "in the course of employment" in *Bailey*. Additionally, he essentially acted as an employee when he stopped to assist a customer. The commissioner reasonably could have rejected Wal-Mart's defense under these circumstances. *See The Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 432 (Iowa 2010) ("A decision is 'irrational' when it is 'not governed by or according to reason.'" (citing *Webster's Third New International Dictionary* 1195)).

## II.	July 17, 2010 Injury

On July 17, 2010, Plummer was attempting to remove a broken pad on a floor-scrubber when he felt a pop in his back and sudden pain in his left and right legs. The commissioner determined the injury arose out of and in the course of employment and "resulted in the need for significant medical care, a healing period, and permanent disability."

Wal-Mart contends the commissioner failed to consider the deputy commissioner's findings that Plummer and his expert witness were not credible. Those adverse credibility findings, the retailer notes, were bolstered by surveillance videos of Plummer showing him engaged in heavy manual labor outside his home, as well as his inconsistent deposition testimony.

In fact, the commissioner acknowledged these credibility issues. He determined Plummer "exaggerated his symptoms both in his deposition and at

hearing." Because of this exaggeration, the commissioner limited Plummer's permanent partial disability award to twenty percent of the body as a whole.

Nonetheless, the commissioner rejected the deputy commissioner's "overly negative" view of Plummer, finding the surveillance footage and portions of Plummer's deposition testimony did less to undermine Plummer's testimony than the deputy suggested. The commissioner also adopted the opinion of Plummer's expert "irrespective of any credibility problems claimant may have," after citing the expert's cognizance of Plummer's prior medical history.

The commissioner's findings concerning the July 17, 2010 injury were supported by substantial evidence. Accordingly, we affirm them.

### III.    Sanctions Ruling

Plummer filed two applications for alternate medical care pursuant to Iowa Code section 85.27(4). He requested authorization to see a particular physician for care and surgery. Plummer later dismissed the first application. A deputy commissioner partially denied the second but ordered Wal-Mart to refer Plummer to a spine expert for "treatment and evaluation."

On intra-agency review, Plummer challenged Wal-Mart's compliance with the alternate care order and requested sanctions. In its final agency decision, the commissioner concluded Wal-Mart failed to comply with the order for treatment and evaluation. The commissioner reasoned that the physician to whom Wal-Mart referred Plummer specialized in pain management rather than neurosurgery, Wal-Mart's counsel was aware of this fact, and "the conditional treatment" was "nothing more than denying prompt care while shopping for

opinions more agreeable to the defense than those of [other physicians]." The commissioner imposed sanctions of $242.82.

Preliminarily, Wal-Mart raises an error preservation concern based on Plummer's failure to raise the sanctions issue before the deputy commissioner. We believe the concern is less about error preservation than about the commissioner's authority to consider an issue raised for the first time on intra-agency review.

A department rule vests the commissioner with authority to impose sanctions. *See* Iowa Admin. Code r. 876-4.36;[2] s*ee also Marovec v. PMX Indus.*, 693 N.W.2d 779, 783–84 (Iowa 2005). The commissioner possesses this authority whether or not a deputy commissioner has previously ruled on the issue. *See* Iowa Code § 17A.15(3) (affording agency on intra-agency review "all the power which it would have in initially making the final decision," except as it may decide to limit those issues). Accordingly, we turn to the merits.

"[W]hether or not to impose [a sanction] is a judgment call on the commissioner's part" and "we are duty bound by statute to give deference to the commissioner's decision on these matters." *Marovec*, 693 N.W.2d at 786. Our review is for an abuse of discretion. *Id.* at 782.

---

[2] The rule states:

> If any party to a contested case or an attorney representing such party shall fail to comply with these rules or any order of a deputy commissioner or the workers' compensation commissioner, the deputy commissioner or workers' compensation commissioner may impose sanctions which may include dismissing the action without prejudice, excluding or limiting evidence, assessing costs or expenses, and closing the record in whole or in part to further activity by the party.

Wal-Mart contends the commissioner read too much into the deputy's order to send Plummer to a spine expert for "treatment and evaluation." In its view, the order "permitted Wal-Mart to have [Plummer] first *evaluated* by Dr. LaMorgese and then *treated* if the doctor opined his current complaints were still related to some sort of work injury." The argument ignores established law precluding an alternate care application from going forward if liability is an issue. *See R.R. Donnelly & Sons v. Barnett*, 670 N.W.2d 190, 196–97 (Iowa 2003) (citing Iowa Admin. Code r. 876-4.48(7)). Wal-Mart admitted liability for an injury to Plummer's back on July 17, 2010.

We recognize there are circumstances in which an employer may admit liability in the alternative care proceeding and subsequently amend its position on liability. *See generally Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 207–08 (Iowa 2010). However, the theory of judicial estoppel ordinarily does not permit this course of action. *See Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 575 (Iowa 2006). Judicial estoppel is especially relevant where the commissioner disposes of the alternate care application in reliance on the employer's admission of liability. *See Tyson Foods, Inc. v. Hedlund*, 740 N.W.2d 192, 198–99 (Iowa 2007); *see also Spencer v. Annett Holdings, Inc.*, 905 F.Supp.2d 953, 985 (S.D. Iowa 2012). That is precisely what happened here. Accordingly, we are unpersuaded by Wal-Mart's attempt to distinguish evaluation from treatment.

We conclude the commissioner did not abuse its discretion in imposing sanctions on Wal-Mart and its counsel.

We affirm the district court's affirmance of the commissioner's final decision.

**AFFIRMED.**