In the Matter of the Claim of HELEN L. GIFFORD, Respondent, against T. G. PATTERSON, INC., et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — when employee is injured by his own act not an incident of, or caused by his employment, or employer, no award for such injury can be made under the Workmen's Compensation Law.**

1. Where an employee is injured through some act of his own, not an incident to his employment, and not authorized or induced by his employer in connection with his employment, the injury does not arise out of and in the course of his employment within the meaning of subdivision 7 of section 3 of the Workmen's Compensation Law (Cons. Laws, ch. 67).

2. Where it was the duty of a night watchman in a factory building to watch the premises and to go around the building regularly for that purpose, but he abandoned that duty and sat in a chair, at an open

doorway, from which he " dozed off " and fell down a chute and received the injuries from which he died, his injury was not received as a natural incident of his work. Hence, an award made for his injuries cannot be sustained.

Matter of Gifford v. Patterson, Inc., 179 App. Div. 420, reversed.

(Argued November 13, 1917; decided November 20, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 19, 1917, affirming an award of the State Industrial Commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Jeremiah F. Connor* for appellants. The injuries which resulted in the death of Charles W. Gifford did not arise out of and in the course of his employment. (*Sanger v. Locke*, 220 N. Y. 556; *Heitz v. Ruppert*, 218 N. Y. 148; *O' Neil v. Carley Heater Co.*, 218 N. Y. 414; *Matter of Houston*, 9 N. C. C. A. 662; *Eugene Dietzen Co. v. Industrial Board*, 116 N. E. Rep. 684; *Bischoff v. Am. C. F. Co.*, 157 N. W. Rep. 34; *Mann v. Glastonbury Knitting Co.*, 96 Atl. Rep. 368; *Keene v. St. Clements Press*, 7 B. W. C. C. 542; *Barnes v. Nunnery Colliery Co.*, 5 B. W. C. C. 195; *Plumb v. Cobden F. M. Co.*, 7 B. W. C. C. 1; *Smith v. Crescent B. & P. Co.*, 37 N. Y. L. J. 292; *Spooner v. Detroit S. N. Co.*, 153 N. W. Rep. 657.)

*Bernard J. Isecke* for claimant, respondent. The injuries for which the award was made were accidental and arose out of and in the course of employment. (L. 1916, ch. 622; *Matter of Fogarty v. Nat. Biscuit Co.*, 221 N. Y. 20.)

*Merton E. Lewis*, Attorney-General (*E. C. Aiken* of counsel), for state industrial commission, respondent. There was no direct evidence as to how the deceased

workman met his death.  The award should be sustained on the presumptions contained in section 21 of the Workmen's Compensation Law.  (*Sorge* v. *Aldebaran Co.*, 218 N. Y. 636; *Fogarty* v. *Nat. Biscuit Co.*, 221 N. Y. 20.)  The finding that the deceased workman dozed off in his chair must be taken in consideration with the other facts in the case.  There is no finding or reason why the deceased employee should keep awake during all of the time of his employment, provided he went the rounds and performed the duties that were incumbent upon him.  (*Roberts* v. *La. Ry. & N. E. V.*, 132 La. 446; *St. Louis, I. M. & S. Ry. Co.* v. *McMichael*, 115 Ark. 101.)

CHASE, J.  Charles W. Gifford, a night watchman, employed by T. G. Patterson, Inc., a corporation engaged in the business of manufacturing packing boxes, received injuries July 9, 1916, which resulted in his death.  A claim was filed by his widow for compensation under the Workmen's Compensation Law.  The state industrial commission (two of the commissioners dissenting) made her an award.  The determination of the commission has been affirmed by the Appellate Division of the Supreme Court.  The material facts as found by the commission are as follows:

" * * *.  The duties of Charles W. Gifford were to watch the premises during the night time and to go around the building for that purpose and to regularly punch a time clock.  In the front of the building there was a chute running from the second floor to the pavement, down which it was customary to send the goods to be put on the wagons.

" 2. On said date, at about 1.45 A. M. Charles W. Gifford was found by a policeman at the bottom of the chute lying in a pool of blood.  Prior to being so found Charles W. Gifford had obtained a chair and was sitting

in a doorway on the second floor at the top of the chute, it being a very warm night. He dozed off and lost his balance and fell out of the window down the chute, carrying with him the chair on which he had been sitting. The fall caused a fracture of the right femur and elbow and a gash in the head and an injury to the right hip. He was taken immediately to the hospital and died there on July 17th of shock occasioned by the said injury. The dozing in his chair by Charles W. Gifford just prior to the said fall was not an unreasonable act under the circumstances and did not constitute an abandonment of his employment, but amounted, at the most, to negligence only.

"3. * * *.

" 4. The injuries which resulted in the death of Charles W. Gifford were accidental injuries and arose out of and in the course of his employment."

The statement in the last paragraph of the second finding and in the fourth finding are conclusions based upon specific findings of fact. Such conclusions do not purport to be and are not in fact based upon presumptions authorized by section 21 of the Workmen's Compensation Law.

We think that as matter of law the conclusions of the commission are not justified by the facts found. (*Matter of Glatzl* v. *Stumpp*, 220 N. Y. 71, 75.) The duties of Gifford were to " watch the premises * * * and to go around the building for that purpose." The findings show that he abandoned his duty and after first obtaining a chair sat therein on the second floor of the building at an open doorway and sitting therein " dozed off " and fell down a chute and received the injuries from which he died. He was employed to watch the premises. Instead of doing so he prepared for himself a comfortable position and slept. If, in connection with his employment, he was authorized or permitted to procure a chair

and spend a portion of his time therein " dozing off " in the doorway, it was not shown before the commission. His injury was not received as a natural incident of his work.   It was not a risk connected with his employment or arising out of and in the course of his employment. The acts of Gifford as found by the commission, instead of being in the course of his employment, were directly contrary to the object and purpose for which he was employed.

When an employee is injured through some act of his own, not an incident to his employment, and not authorized or induced by his employer in connection with his employment, the injury does not arise out of and in the course of his employment within the meaning of subdivision 7, section 3 of the Workmen's Compensation Law.   (See *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Saenger* v. *Locke*, 220 N. Y. 556; *Spooner* v. *Detroit Saturday Night Co.*, 153 N. W. Repr. 657.)

The order should be reversed and the determination of the state industrial commission annulled, with costs against the state industrial commission in this court and in the Appellate Division.

HISCOCK, Ch. J., CUDDEBACK, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., not voting.

Order reversed, etc.