NEVA VOLK, appellant, v. INTERNATIONAL HARVESTER COMPANY, appellee.

No. 50081.

(Reported in 106 N.W.2d 649)

DECEMBER 13, 1960.

Lambach, Shorey & Plath, of Davenport, for appellant.

Betty, Neuman, Heninger, Van Der Kamp & McMahon, of Davenport, for appellee.

GARRETT, J.—Elwood Joseph Volk was an employee of International Harvester Company on April 27, 1956, when he lost his life in an automobile accident. About five o'clock in the afternoon he ended his formal duties in behalf of the company and registered at the Chautau Motel at or near Washington, Iowa, which was to provide a meeting place for Volk, a parts-zone supervisor, and other International Harvester employees. The scheduled meeting was not held because one of the men was called home on account of a personal matter.

Volk and the remaining employee, David K. Johnson, met with another employee by the name of Ralph C. Archer, and they went to Archer's home in Washington, staying about an hour. After martinis, they went to the Epicurean Club located on Highway No. 92 between Washington and Ainsworth—where they had drinks, played a bowling game and ate dinner.

About 9:30 p.m. they decided to drive to Muscatine which was not in the territory of Volk or Archer. They went in Archer's father's car. It is not claimed the trip to Muscatine was for anything other than the personal pleasure of the three employees. While in Muscatine, Archer, Volk and Johnson visited three taverns, drinking beer. About twelve o'clock, midnight, the three started their return trip to Washington, and after they had passed the Epicurean Club a one-car accident took place resulting in Volk's death.

I. In her argument claimant-appellant states: "The question presented by this appeal is, did the Commissioner err in finding that the injury and death of Volk did not 'arise out of' and 'in the course of' his employment. It is conceded that these findings must be made conjunctively, and if either fails, then claimant must fail."

Our statute (section 85.3, Iowa Code, 1954) defines compensable injuries as those "arising out of and in the course of the employment." The phrase "arising out of" is universally held to require causal relationship between the employment and the injury.

In Bulman v. Sanitary Farm Dairies, 247 Iowa 488, 491, 492, 73 N.W.2d 27, 29, we said: "Ordinarily, the phrase 'in the course of the employment', as used in our own and most workmen's compensation statutes, means within the period of the employment, at a place where the employee reasonably may be in the performance of his duties and while he is fulfilling those duties or engaged in doing something incidental thereto. 58 Am. Jur., Workmen's Compensation, section 212; Pace v. Appanoose County, 184 Iowa 498, 503, 504, 168 N.W. 916, 918, citing with evident approval McNicol v. Patterson Wild & Co., 215 Mass. 497, 102 N.E. 697, L. R. A. 1916 A 306: ' "* * * an injury is received 'in the course of' the employment when it

comes while the workman is doing the duty which he is employed to perform"'; and citing also Bryant v. Fissell, 84 N. J. L. 72, 86 A. 458: '"* * * the words 'in the course of' [relate] to the time, place, and circumstances under which the accident takes place."' We think that a fair statement of the basis of allowing compensation under our statute respecting the phrase in question."

The material parts of pertinent statutes (1954) Code of Iowa are set out:

"Section 86.29 Record on appeal—findings of fact conclusive. The transcript as certified and filed by the industrial commissioner shall be the record on which the appeal shall be heard, and no additional evidence shall be heard. In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive.

"Section 86.30 Decision on appeal. Any order or decision of the industrial commissioner may be modified, reversed, or set aside on one or more of the following grounds and on no other: * * *

"3. If the facts found by the commissioner do not support the order or decree.

"4. If there is not sufficient competent evidence in the record to warrant the making of the order or decision."

In determining the correctness of the commissioner's decision we must consider the evidence in the light most favorable to claimant. Pohler v. T. W. Snow Constr. Co., 239 Iowa 1018, 33 N.W.2d 416; Griffith v. Norwood White Coal Co., 229 Iowa 496, 498, 294 N.W. 741; Bousfield v. Sisters of Mercy, 249 Iowa 64, 86 N.W.2d 109.

We have repeatedly held that where the evidence in a case of this kind is in conflict, the finding of the industrial commissioner upon disputed facts is binding upon us. Lamb v. Standard Oil Co., 250 Iowa 911, 96 N.W.2d 730; Reddick v. Grand Union Tea Co., 230 Iowa 108, 296 N.W. 800. There is no dispute as to the evidence introduced but a dispute arises as to the inferences to be drawn therefrom.

In Bushing v. Iowa Railway & Light Co., 208 Iowa 1010, 1017, 226 N.W. 719, 722, we said: "In cases arising under the

Workmen's Compensation Act, the burden of proof rests on the claimant to establish that the injury sustained by the employee was one arising out of and in the course of the employment. Sparks v. Consolidated Ind. Coal Co., 195 Iowa 334; Flint v. City of Eldon, 191 Iowa 845. This burden is not discharged by creating an equipoise. Griffith v. Cole Bros., 183 Iowa 415. The finding of the commissioner must be based on evidence, either direct or circumstantial, and the reasonable inferences that may be drawn therefrom. It cannot, however, be predicated upon conjecture, speculation, or mere surmise. Sparks v. Consolidated Ind. Coal Co., supra."

Appellant, in argument, states: "There is no conflict in the evidence. * * * This court, appellant submits, may review the facts to determine if there is sufficient competent evidence to support the commissioner's findings. On the other hand, this court by virtue of Davis and Marley [cited cases] may take the uncontroverted facts as established by the record and determine as a question of law (as in Marley) that Volk's injury arose out of and in the course of his employment."

Appellee takes a different view and contends it is a disputed question of fact whether Volk's injury and death arose out of and in the course of his employment and that it be reviewed by the court only to determine whether there is sufficient evidence to sustain the decision of the commissioner.

In Bocian v. Armour & Co., 244 Iowa 304, 308, 56 N.W.2d 900, 903, we said: "Under the record here the cause could only be ascertained by inference from the facts shown. That means, not a process of legal reasoning or conclusion, but one by which a fact is sought to be established or deduced as a logical consequence from other facts. 43 C. J. S., Inference, page 373 et seq."

See also Schofield v. White, 250 Iowa 571, 95 N.W.2d 40; Lamb v. Standard Oil Co., supra.

Whether decedent was, at the time of his death, acting within the scope of his employment or was on a frolic of his own is a fact question the determination of which, by the commissioner, is binding upon us if supported by sufficient competent evidence or proper inferences drawn therefrom.

Hansen v. State of Iowa, 249 Iowa 1147, 1153, 1154, 91

N.W.2d 555, 558, is in some respects similar to this case. Hansen, a deputy sheriff, was killed in an automobile accident in his own county as he returned from a fishing trip in another county. It was contended he was on duty twenty-four hours a day and that upon returning to the county where he was employed he "immediately and automatically came on duty as a law-enforcing officer." We said:

"As to whether or not this theory is effective is a question of law. * * * We cannot approve the further step urged by appellees herein that the State is liable if a sheriff is injured or killed at any time during the twenty-four hours of the day, simply because he is a law-enforcing officer and within his jurisdiction, and irrespective of the cause or place of his injury. * * * At all other hours, while not on regular duty or 'special called' duty, the State of Iowa is not liable for injuries or tragedies which might occur. * * * The second contention of claimants that the evidence shows Deputy Hansen was actually performing law-enforcement duties at the time of his death is a question of fact and is wholly within the province of the Commissioner."

We held there was sufficient competent evidence to support the commissioner's finding that Hansen's death did not arise out of and in the course of his employment or while he was doing what he might reasonably do or while he was where he might reasonably be in the line of his duties as an employee.

In Davis v. Bjorenson, 229 Iowa 7, 11, 293 N.W. 829, 830, claimant's injury was received in an automobile collision while driving his automobile about twelve blocks from his home to his employer's place of business at about 7:30 a.m. The defense was that his injury was not received in the course of and did not arise out of his employment. Claimant's automobile was used by him and others in the employer's business. Claimant took it home at night to have it available for emergency night calls. We said:

"Thus the car was an instrumentality of the business at all hours of the day and was subject to that use at night. * * * Consequently, it was his duty, and this duty was regular and definite, to take the automobile to the employer's shop for its

**304**

use in the business, by others as well as claimant. In so doing he was performing for his employer a substantial service required by his employment at the place and in the manner so required."

We held under those undisputed facts that claimant's injury arose out of his employment and stated (page 9 of 229 Iowa) "the determination of whether the injury arose out of and in the course of the employment was a legal conclusion based upon a factual situation established without conflict. Therefore, it was subject to review by the court."

Marley v. Orval P. Johnson & Co., 215 Iowa 151, 244 N.W. 833, 85 A. L. R. 969, holds that undisputed facts bearing upon the question whether an injury arose out of and in the course of an employment present a question of law reviewable on appeal. In this case claimant was injured while cranking his own car in order to travel, in accordance with orders of the employer, from one job to another, the employer knowing the employee was so using his own car and making no objection thereto.

Relying upon the above and similar cases and insisting there is no conflict in the evidence, appellant asks the court to review the facts to determine whether there is sufficient competent evidence to support the commissioner's findings, and urges the court, on the basis of the facts as established by the record, to determine as a matter of law that Volk's injury arose out of and in the course of his employment. Appellant makes this concession:

"Concerning the deviation made by Volk and his companions, appellant concedes that had this tragedy happened on the way to Muscatine from the Epicurean Club, or on the way back from Muscatine to the Epicurean Club, coverage should not be allowed. This trip was a trip personal to Volk, and claimant readily concedes that. It is appellant's contention, however, that once Volk reached the Epicurean Club on his return from Muscatine, the provisions of the Workmen's Compensation Act then applied."

We are unable to agree with appellant's contention, nor do we find substantial support for it in the cases cited by her. Volk chose to leave the line of his employment when they went

to the Archer home and he had no occasion to return thereto until the following morning. It must be conceded his employer furnished his food, lodging and traveling expenses while he was away from home, and that his meal at the Epicurean Club would be a proper charge against the company, but, as conceded by appellant, the trip to Muscatine was a deviation or departure from his employment. When the decedent reached the Epicurean Club on the return trip to Washington he did not then resume any activity or duty connected with his employment and it is reasonable to infer that he would not have done so until the next day. It was necessary for him to return from Muscatine and that is what he was doing when the accident occurred. He might have taken a different route. Would it then be said he was returning from dinner at the Epicurean Club?

In Walker v. Speeder Machinery Corp., 213 Iowa 1134, 1150, 240 N.W. 725, 732, we said: "The act being done must have a close causal connection with and be incident to the employment. For illustration: Had Walker, on the evening under consideration, passed out of the hotel to cross the street to go to a theater, solely for his own amusement, and in so crossing the street received an injury, compensation would not lie."

Further discussion appears unnecessary. There was sufficient competent evidence with the proper inferences drawn therefrom to sustain the decision of the Industrial Commissioner.

The judgment of the district court is affirmed.—Affirmed.

All JUSTICES concur.