Joan E. BUEHNER, Appellant,

v.

Carroll E. HAUPTLY, d/b/a Carroll E. Hauptly Construction Company and Employers Mutual Casualty Company, Appellees.

No. 52996.

Supreme Court of Iowa.

Sept. 17, 1968.

Newman, Redfern, McKinley & Olsen, Cedar Falls, for appellant.

Davis, Huebner, Johnson & Burt, Des Moines, and Mossman & Mossman, Vinton, for appellees.

LeGRAND, Justice.

This is an appeal from a decree denying workmen's compensation benefits for the death of Joseph W. Buehner, who suffered a fatal accident on August 17, 1965, while employed by defendant, Carroll E. Hauptly.

Upon arbitration hearing the deputy commissioner found the death of the decedent did not arise out of and in the course of his employment, and the commissioner made a similar finding on review. On appeal, the district court affirmed the commissioner's decision. We are now asked to reverse this holding.

Plaintiff is the widow of decedent, who was also survived by three minor children under the age of 16. We set out the facts upon which her claim depends.

Decedent was employed as a carpenter on a grain elevator being constructed by defendant Hauptly. A hoist arrangement powered by a farm-type tractor was used to haul lumber, material and tools from the ground to the level at which the work was being done. Until the elevator reached a height of 30 or 40 feet, workmen used the hoist to ride to and from the work level. At that point, however, instructions were given by the job foreman that workmen were no longer to ride the hoist. This warning was repeated periodically until the day of the fatal accident. It was last given on that very day, just an hour before the tragedy. After the men were first told not to ride the hoist, no one did so until decedent's ill-fated attempt which led to his death.

On August 17, 1965, five men were working on top of the grain elevator at quitting time. Each workman except decedent descended to the ground by climbing down corner braces on the inside corners of the elevator structure. Dinner buckets and tools were then lowered to the ground by means of the hoist. The decedent was the last workman on top of the platform. A fellow workman, Gary Jones, was on the ground and decedent signalled him to raise the hoist to the working platform. When this was done, decedent tested the rope and gave Jones a sign to start the motor. Decedent then started to ride the hoist to the ground. Jones noticed nothing unusual until decedent yelled, "Look out." At that point the rope snapped and decedent fell from a height of approximately 60 feet. He apparently was killed instantly.

The parties stipulated Joseph W. Buehner was employed by defendant Hauptly and came to his death by reason of a fall from the grain elevator during regular working hours while on the job there. The sole issue is whether decedent's act in lowering himself by means of the hoist in violation of his employer's instructions deprives his survivors of compensation under the Workmen's Compensation Act. This in turn raises the question whether the death arose out of and in the course of decedent's employment as required by sections 85.3 and 85.17, Code of Iowa, 1962.

"Out of" and "in the course of" are not synonymous. The first is satisfied by a showing of causal relationship between the employment and the injury, while "in the course of" refers to the time, place, and circumstances of the accident. Both must be proven by plaintiff by a preponderance of the evidence. Crowe v. DeSoto Consolidated School District, 246 Iowa 402, 405, 406, 68 N.W.2d 63, 65;

Volk v. International Harvester Co., 252 Iowa 298, 300, 302, 106 N.W.2d 649, 650.

█ Although the Workmen's Compensation Act is to be liberally construed in favor of the employee, nevertheless one may under some circumstances forfeit his right to the benefits of the act by conduct in violation of the employer's instructions.

█ The test is whether the employee was doing what a person so employed may reasonably do within the time of the employment and at a place he may reasonably be during that time. Musselman v. Central Telephone Co., Iowa, 154 N.W.2d 128, 130; Crowe v. DeSoto Consolidated School District, supra, and citations. As bearing on this mixed question of law and fact see also 99 C.J.S. Workmen's Compensation § 245, page 865; 1 A Larson's Workmen's Compensation Law, sections 31.22–31.25, pages 469–478; Enfield v. Certain-Teed Products Co., 211 Iowa 1004, 1006, 233 N. W. 141, 142; Pohler v. T. W. Snow Construction Co., 239 Iowa 1018, 1029, 33 N.W. 2d 416, 422; Christensen v. Hauff Bros., 193 Iowa 1084, 188 N.W. 851; Griffith v. Norwood White Coal Co., 229 Iowa 496, 501, 294 N.W. 741, 743, 744. See also Monograph Series #8. The Iowa Law of Workmen's Compensation, published by the University of Iowa, 1967, pages 75–78.

The difficulty is not with the rule but with its application. In attempting to fit the present controversy into this formula, it is immediately apparent several conclusions are possible.

Was decedent where he might reasonably be when he suspended himself from the forbidden hoist? Did this amount to stepping outside the scope of employment? Or was it merely performing a service of the employment in a prohibited manner?

Plaintiff seeks to liken this situation to an injury resulting from failure to wear a helmet or other safety equipment. But there is no real analogy because invariably in such cases the employee is performing the task assigned to him in an unsafe man-

ner. These instances involve only the violation of a rule as to how a permitted task shall be done. They are clearly compensable. Wallace v. Rex Fuel Co., 216 Iowa 1239, 1248, 250 N.W. 589, 592; Pohler v. T. W. Snow Construction Co., 239 Iowa 1018, 1029, 33 N.W.2d 416, 422, and citations. There is more than that here for decedent was at a place where he had been expressly and repeatedly forbidden to be.

The commissioner found on review that decedent had been told just an hour before the accident not to ride the hoist; that he had also been ordered on several previous occasions not to do so; and that this order was not violated by any of the other employees after it was originally given. He then added this:

"Under all the facts the deceased employee's act in attempting to descend by means of the hoist was not only in direct violation of an enforced employer's rule, but completely rash and outside the reasonable requirements of his job. * * * It is found and held as a finding of fact: That the death of Joseph W. Buehner on August 17, 1965, did not arise out of and in the course of his employment by Carroll E. Hauptly Construction Company. * * *"

█ On the disputed question of whether decedent was instructed not to ride the hoist we are bound by the commissioner's finding under this record, but we may review his conclusions of law as to the effect of such finding. Sections 86.29, 86.30, Code of Iowa 1962; Crowe v. DeSoto Consolidated School District, supra; Olson v. Goodyear Service Stores, 255 Iowa 1112, 1115, 125 N.W.2d 251, 253; Crees v. Sheldahl, 258 Iowa 292, 294, 139 N.W.2d 190, 191; Uhe v. Central States Theatre Corp., 258 Iowa 580, 581, 139 N.W.2d 538, 539; Musselman v. Central Telephone Co., Iowa, 154 N.W.2d 128, 130.

This brings us to the effect of decedent's conduct on plaintiff's right to recover for his death.

Plaintiff argues he was on the platform, where he had a right to be, and was mere-

ly getting to the ground in a way which was against regulations. This same rationale is discussed in 1 A Larson's Workmen's Compensation Law, supra, at section 31.21, page 468.

Defendant, on the other hand, insists the "place" which is important is not the platform but the hoist. This is where decedent was and this is where he was forbidden to be.

 Our decisions—as well as those of other jurisdictions—are not completely consistent in dealing with so-called violation of instruction cases. It is sometimes a thin line which divides a finding that the ultimate act itself is prohibited from one that the act was proper and was merely performed contrary to instructions. In the first case compensation is denied; in the second it is paid. We hold a reasonable interpretation of the facts here leads inevitably to the conclusion decedent was at a prohibited place—on the hoist—and was not merely doing a prescribed task—getting to the ground from the platform—in a proscribed manner.

We cannot adopt the argument that once decedent rightfully established himself on the elevator platform *any* means of descent could be nothing more than negligence in the performance of a service required by, or incidental to, his employment.

When decedent, in direct violation of his employer's orders, left the platform and suspended himself from the hoist 70 feet above the gound, he was indeed at a place where he was expressly prohibited from being and where he could not reasonably be expected to be. The fatal injury resulting therefrom did not arise out of and in the course of his employment.

This result is supported by Enfield v. Certain-Teed Products Co., 211 Iowa 1004, 233 N.W. 141; Hansen v. State of Iowa, 249 Iowa 1147, 1150, 91 N.W.2d 555, 557; Christensen v. Hauff Bros., 193 Iowa 1084, 188 N.W. 851; In re Fournier's Case, 120 Me. 236, 113 A. 270, 23 A.L.R. 1156; Hib-

berd v. Hughey, 110 Neb. 744, 194 N.W. 859. It follows we agree compensation was properly denied. The trial court's decree is therefore affirmed.

Affirmed.

All Justices concur.