Mark F. McMULLIN,
Petitioner–Appellant,

v.

DEPARTMENT OF REVENUE, STATE
OF IOWA, Respondent–Appellee.

No. 87–1418.

Court of Appeals of Iowa.

Jan. 26, 1989.

Lorraine J. May and Hugh J. Cain of Duncan, Jones, Riley & Finley, P.C., Des Moines, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Greg Knoploh, Asst. Atty. Gen., for respondent-appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Petitioner, Mark McMullin, seeks further review of the Industrial Commissioner's decision denying him workman's compensation benefits. Mr. McMullin contends his injury arose out of and in the course of his employment. We agree and accordingly reverse and remand.

A hearing on this matter was held before the Deputy Industrial Commissioner on March 7, 1984. After considering the evidence and after having the opportunity to view the witnesses, the Deputy Industrial Commissioner found for the claimant. The Department of Revenue appealed to the Commissioner and secured a reversal based on limited findings of fact. The district court reluctantly affirmed the Commissioner's decision.

Mr. McMullin worked in the Cleveland, Ohio, branch office of the Iowa Department of Revenue as a Revenue Auditor III. The Department's branch office in Cleveland served as a "home base" for two state employees. No support staff was assigned

to the two auditors. The office consisted of one room with two desks. The other auditor assigned to this office was Charles Neely. Mr. McMullin was responsible for sales tax audits in Michigan, Ohio, and Pennsylvania; Mr. Neely was responsible for income tax audits.

Both men worked with minimal supervision. They were given considerable latitude in determining when and in what fashion they would complete their responsibilities. Audit assignments were sent to the Cleveland office by mail. Each auditor contacted his respective taxpayer to arrange a time to review relevant documents. Mr. McMullin was directed by the Des Moines office, as evidenced by his job description, to conduct investigations and audits in a manner he deemed appropriate. Consequently, he was not able or required to be in the branch office at any specific time. He was required to work forty hours each week and to seek prior departmental approval for overtime, if he wished to be compensated. The auditors, while not authorized to work overtime by contract, did work additional hours if they determined their duties so dictated. This included working in the evenings and on the weekends. They were encouraged to do so by the Department and were compensated by being given vacation days.

Because the auditors are usually in the field and because support staff has not been assigned to the Cleveland office, the branch office is frequently locked and unoccupied. Incoming mail is deposited at a local post office box and picked up by Mr. Neely or Mr. McMullin at their convenience. Incoming mail is usually comprised of communications from the Des Moines office or correspondence sent by taxpayers.

Prior to the accident upon which this claim is based, Mr. Neely was visiting his mother in Iowa for two weeks and Mr. McMullin had been out of the office for two days. Both men had planned to be gone from the office for two weeks subsequent to the date of the injury.

On Sunday, November 22, 1981, Mr. Neely had arranged to have Mr. McMullin pick him up at the airport and take him back to the office to pick up his state car. Mr. Neely left his state car parked in the office garage because it would be more secure there during his absence. It had been the practice of the office to pick up and deliver all state employees from the airport, including the auditors' Des Moines office supervisor, Mr. Frank Patera.

Mr. McMullin also planned to pick up the office mail at the post office after going to the airport. Both men had been absent from the office for several days and would not be in the office again for some time. After he had delivered Mr. Neely to the office garage, Mr. McMullin planned to stop in the branch office to do some work. On his way to the airport, Mr. McMullin was severely injured in a head-on collision with another vehicle.

Pursuant to Iowa Code section 86.26, we review the record in the manner specified in Iowa Code section 17A.19(8). Our review is limited to the record made before the agency officer. *Farmers Elevator Co., Kingsley v. Manning*, 286 N.W.2d 174 (Iowa 1979). We uphold those findings of fact made by the agency if they are supported by substantial evidence in the record made before the agency when the record is viewed as a whole. *Id.* We may "reverse, modify, or grant any other appropriate relief ... if substantial rights of the petitioner have been prejudiced because the agency action" (among others) a) violates a statutory provision; b) is unsupported by substantial evidence; and/or c) is unreasonable. Iowa Code § 17A.19(8)(a), (f), and (g) (1987).

■ Workman's compensation benefits are awarded to injured employees if such injuries arose out of and in the course of his or her employment. Iowa Code § 85.3(1) (1987). An injury occurs in the course of employment when it is within the period of employment at a place where the employee reasonably may be performing his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. *McClure v. Union, et al., Counties*, 188 N.W.2d 283, 287 (Iowa 1971). Iowa courts have liberally construed the

phrase "in the course of employment." In cases where the employment activity was not required by the employer:

> An injury in the course of employment embraces all injuries received while employed in furthering the employer's business and injuries received on the employer's premises, provided that the employee's presence must ordinarily be required at the place of the injury, or, if not so required, employee's departure from the usual place of employment must not amount to an abandonment of employment or be an act wholly foreign to his usual work. An employee does not cease to be in the course of his employment merely because he is not actually engaged in doing some specifically prescribed task, if, in the course of his employment, he does some act which *he deems necessary* for the *benefit or interest of his employer.*

*Farmers Elevator Co.,* 286 N.W.2d at 177 (court quoting *Bushing v. Iowa Railway & Light Co.,* 208 Iowa 1010, 226 N.W. 719, 723 (1929) (citations omitted)) (emphasis added).

█ Mr. McMullin was delegated a large amount of responsibility and discretion to determine the manner in which his assigned tasks were to be completed. It was established office practice to pick up and deliver state employees at the airport. The State of Iowa received benefit from this practice; especially in this particular case, because Mr. Neely chose during his two-week absence to leave his state car protected and more secure locked in the garage at the branch office as opposed to unattended at his home or airport parking lot. By picking Mr. Neely up at the airport, Mr. McMullin was furthering the interest of his employer. It is undisputed that the two men did not socialize outside of office activities. Therefore, it is unreasonable to deny an employee, whose job description provides for minimal supervision regarding completion of his assigned tasks, benefits for injury he incurred while he was reasonably engaged in an activity promoting a benefit or an interest of his employer.

The Iowa Supreme Court has accordingly decided that a teacher, who was delegated much discretion in the performance of her duties, was eligible for workman's compensation benefits when she slipped and fell after school hours on ice two blocks away from school. *Crowe v. Desoto Consolidated School District,* 246 Iowa 402, 68 N.W. 2d 63 (1955). The petitioner was returning from determining road conditions; whether the children who had previously departed would arrive home safely, and whether she would be able to negotiate her own trip home. *Id.* Despite the fact that the venture was a mixed one, personal as well as employment related, the court found eligibility. *Id.* at 66.

Mr. McMullin's case is similar. He, too, was given discretion in the time and manner in which he would complete his duties. He had a habit of checking the mail about three times a week. He had been out of the office prior to the accident and was going to be out of the office subsequently. He determined it would be best for him in executing his duties to go to the post office before he left. Acting in this fashion, he was furthering the interests of his employer. And, as stated above, Mr. McMullin was also serving the Department by assisting Mr. Neely.

The State argues that because Mr. Neely's trip back to Iowa was personal, Mr. McMullin's drive to the airport to assist a co-employee was also personal. We disagree. If it weren't for Mr. Neely's decision to secure his state automobile during his absence and the practice of the office to furnish rides to the airport to state employees, Mr. McMullin would not have been on the road the afternoon of the accident.[1]

The dual purpose doctrine supports our conclusion:

> Injury during a trip which serves both a business and a personal purpose is within the course of employment if the trip involves the performance of a service for

---

1. The State argues that the fact that Mr. McMullin was driving his own car, and not the state car assigned to him, is an indication the trip to the airport was personal. We disagree. Mr. Patera, the State's witness, testified that the ownership of the vehicle is not determinative of whether the employee was on state business at the time in question.

the employer which would have caused the trip to be taken by someone even if it had not coincided with the personal injury.

*Larson,* 1 Workmen's Compensation Law § 18. *See also Larson, id.* at § 19.21. When Mr. McMullin did not show, Mr. Neely took a cab to the office, nonetheless, to pick up his state car.

■ The State argues the "going and coming" rule is applicable to this situation. We disagree. The rule relates only to those employees having "fixed hours and a place of work." 1 *A. Larson,* Workmen's Compensation Law, § 15.00. Mr. McMullin's position as tax auditor required him to travel extensively to taxpayers' places of business. He was expected to work such hours as were necessary to complete the audit. He had minimum supervision and had been delegated discretion as to how to complete his assignments. He was not required to be present daily in the branch office.

We, therefore, find Mr. McMullin's injuries to have arisen out of and in the course of his employment pursuant to Iowa Code section 85.3(1). We do not find substantial evidence to support otherwise. Accordingly, we reverse pursuant to Iowa Code § 17A.19(8)(a) & (f) and remand to the Industrial Commissioner for rulings consistent with this opinion.

REVERSED AND REMANDED.

DONIELSON, P.J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I respectfully dissent. I would affirm the trial court.

There was a fact question generated as to whether the injuries were received in the course of claimant's employment or whether they arose when he extended a favor to a fellow employee. There is substantial evidence to support the commissioner's findings. We are bound by those findings.